649 F.2d 1207
 107 L.R.R.M. (BNA) 2726, 91 Lab.Cas. P 12,781
 William RUZICKA, Plaintiff-Appellee Cross-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Cross Appellee,
Local 166 of the United Automobile, Aerospace and
Agricultural Implement Workers of America, U.A.W.,
Defendant-Appellant Cross-Appellee.
William RUZICKA, Plaintiff-Appellee,
v.
GENERAL MOTORS, Defendant-Appellant.
 Nos. 78-1198 to 78-1200.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 21, 1980.
Decided June 2, 1981.
 
 John A. Fillion, Gen. Counsel, M. Jay Whitman, Bruce A. Miller, Miller, Klimist, Cohen, Martens & Sugerman, Detroit, Mich., for Union.
 J. R. Wheatley, Detroit, Mich., for General Motors Corp.
 Robert J. Dinges, Glotta, Adleman, Dinges, Davis, Middleton, Riley & Murphy, Detroit, Mich., for Ruzicka.
 Before BOYCE F. MARTIN, Jr., Circuit Judge, CELEBREZZE, Senior Circuit Judge, and DUNCAN, District Judge.*
 CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This is the second appeal in this case concerning unfair representation and breach of a collective bargaining agreement. Plaintiff-appellee, William Ruzicka, filed this action in federal court on June 31, 1971 alleging that he had been unfairly represented by the defendant-appellant, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local Union 166 during his attempt to gain reinstatement to his employment with defendant-appellant, General Motors Corporation through the collective grievance procedure. Ruzicka also alleged that his discharge by General Motors was wrongful because rulings of the collective bargaining agreement's impartial umpire showed that the correct disciplinary action for the type of conduct he allegedly committed would be temporary suspension. Jurisdiction of the actions against both union defendants and General Motors was based upon Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Sec. 185.
 
 
 2
 The facts of the case are accurately set out in our first opinion in this case and will be reiterated here only where necessary to discuss the issues presented by this appeal. On March 31, 1970, Appellee William Ruzicka was discharged for being intoxicated on the job and using threatening and abusive language towards his supervisors at GM's Willow Run Plant in Ypsilanti, Michigan. He had worked there for nearly eleven years and had been actively involved in Union activities for much of that time.
 
 
 3
 Ruzicka initiated the grievance process under the National Agreement between GM and the United Auto Workers by filing a timely grievance protesting his discharge. He did not dispute the essential facts of intoxication and abusive language, but argued that discharge was an "unduly harsh" penalty which was inconsistent with past decisions of umpires interpreting the National Agreement. The Company completed the second step of the grievance process by filing an answer under Paragraph 77 of the National Agreement. The Union began the third step by filing a "notice of unadjusted grievance." To invoke arbitration, the Union was required by Paragraph 37 to file a "statement of unadjusted grievance" simultaneously with GM. The District Court found that Local 166 never filed such a statement, although it had sought and received two time extensions to do so. After the due date for the statement had passed, GM disclaimed further obligation under the National Agreement.
 
 
 4
 Ruzicka immediately pursued his intra-Union remedies under Article 31 of the UAW Constitution, arguing that Charles Panter, a Local 166 official, had willfully failed to perform his duty in failing to file the required statement. A trial before a Local 166 Committee resulted in a finding that Panter had been negligent but not guilty of willful inaction. Appeals to higher levels failed.
 
 
 5
 Ruzicka instituted further intra-Union action against Local 166 for wrongful processing of his grievance, but this action was unsuccessful at the Local level. An appeal to the higher levels was stayed pending resolution of a policy grievance that Panter's successor at Local 166 had filed. The policy grievance, which requested GM's consideration of Ruzicka's grievance despite the procedural problem, was withdrawn by Local 166 on April 24, 1971.
 
 
 6
 Rather than appeal the adverse decision of Local 166's processing of the grievance to the UAW's International Executive Board, Ruzicka filed a complaint in federal court. He alleged that Panter's personal "hostility" towards him had caused Panter not to file the statement of unadjusted grievance. He asserted that both the Local and International Unions had thus given him unfair representation, and he alleged that GM's discharge was wrongful and that GM had conspired to discharge him because of his Union activities. The Unions filed a cross-claim against GM, seeking that the dispute be ordered to arbitration.
 
 
 7
 At a hearing limited to the issue of unfair representation, and after the completion of plaintiff's case, all defendants were granted an involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the ground that Ruzicka had not met the burden of showing unfair representation by either union. Ruzicka v. General Motors, 86 L.R.R.M. 2030 (E.D.Mich.1973). Specifically, the district court found no bad faith on the part of either union and held that, in the absence of bad faith, a union could not be held liable for a breach of the duty of fair representation.
 
 
 8
 On appeal and cross-appeal, this court reversed and remanded, rejecting the district court's incorporation of bad faith as an essential element of unfair representation: "We do not find the duty of fair representation so limited. In Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967), the Supreme Court held that union actions which are "arbitrary, discriminatory, or in bad faith" could establish a breach of the duty of fair representation We believe that the district court misread Vaca when it held that "bad faith" must be read into the separate and independent standards of "arbitrary" or " discriminatory" treatment. Union action which is arbitrary or discriminatory need not be motivated by bad faith to amount to unfair representation." Ruzicka v. General Motors Corp., 523 F.2d 306, 309-10 (6th Cir. 1975), reh. denied, 528 F.2d 912 (6th Cir. 1975).[1] (Ruzicka I.). We also granted summary judgment in favor of the unions based upon their cross-claim against General Motors seeking arbitration. The trial court was directed to order arbitration with the GM-UAW umpire while retaining jurisdiction, and if the National Agreement was interpreted to mean that GM was relieved of its contractual duties because of the union's failure to follow grievance procedures, appropriate relief against Local 166 on the unfair representation claim could then be awarded. 523 F.2d at 315.
 
 
 9
 On remand, the district court ordered the contractual merits of plaintiff's discharge to be submitted to the umpire. The court did not direct that the umpire was first to be presented with the union's claim that Ruzicka's grievance was procedurally alive despite the untimely processing. The court reasoned that GM's procedural defense that the finality provision of the collective bargaining agreement barred the wrongful discharge claim was dependent upon the outcome of plaintiff's unfair representation claim against the union. Since that claim could only be determined by the court, the court would also be the appropriate authority for deciding whether the union's conduct nullified the finality provision. The trial court relied upon the intervening decision of Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), where the Supreme Court held that finality provisions of grievance-arbitration provisions in collective agreements may be nullified if "the process has fundamentally malfunctioned by reason of the bad faith performance of the union " 424 U.S. at 569, 96 S.Ct. at 1058.
 
 
 10
 On the merits of Ruzicka's contractual claim, the GM-UAW umpire held that under the collective bargaining agreement the harsh penalty of discharge given William Ruzicka was not justified under the circumstances. Accordingly, the umpire ordered reinstatement and backpay. Having procured a favorable recommendation from the umpire, Ruzicka then moved for summary judgment against General Motors and the UAW. The district court denied this motion and ordered a second trial. At that trial, the district court heard the local union's rebuttal of Ruzicka's unfair representation case. At the close of the union's case, the trial court found as a matter of fact that Panter had negligently failed to timely file a statement of plaintiff's grievance and that as a matter of law such malfeasance amounted to unfair representation. The courts then rendered a judgment against General Motors on the contractual cause of action based solely upon the umpire's opinion, which appeared as an appendix to the district court's opinion. Ruzicka v. General Motors, 96 L.L.R.M. 2822, 2843 (E.D.Mich.1977). In assessing damages against Local 166 and General Motors, the court ordered each to bear one-half of both the backpay award of $25,274.91 and attorney's fees award of $8,424.57; Ruzicka's reinstatement to employment with full seniority was also ordered. The trial court then granted GM's motion for a stay, after reviewing evidence that plaintiff had, since September, 1971, procured comparable employment at another automobile manufacturer.
 
 
 11
 All three parties have appealed. GM and the UAW argue that the facts found by the district court cannot constitute a breach of the union's duty of fair representation. Second, General Motors argues that the facts supporting the conclusion of unfair representation cannot, under the rule of Hines v. Anchor Motor Freight, seriously undermine the grievance-arbitration procedure so as to remove the bar of the finality of the contract. GM also argues that Ruzicka failed to meet his burden of showing a breach of the collective bargaining agreement. On the issue of relief, the appellants' arguments diverge. GM argues that it cannot be held liable for attorney's fees in a suit on the collective agreement, while the UAW alleges that the district court erroneously refused to apportion liability for the attorney's fees. Both GM and the UAW argue that they should not be liable for contractual backpay. Finally, General Motors asserts that the trial court abused its discretion in ordering Ruzicka's reinstatement. The plaintiff has raised several separate issues on cross-appeal. First, Ruzicka claims that he is entitled to prejudgment interest. Second, he claims entitlement to extraordinary attorney's fees, and third, he argues that his backpay should have been calculated on the basis of wages available to comparable employees.
 
 I.
 
 12
 Following the remand, plaintiff moved for summary judgment against Local 166 on his unfair representation claim, insisting that our opinion in Ruzicka I controlled and that any evidence the union could offer at a new trial would be merely corrobative of the direct evidence submitted at the first hearing. The district court denied this motion, holding that summary judgment on the union's liability could not be entered on the basis of plaintiff's initial proofs at trial and the intervening decision of this court. Noting that while Ruzicka I did contain statements which appeared to hold unequivocally that Local 166 was liable for a breach of the duty of fair representation, the court held that those statements had to be read in light of the incomplete record before the court of appeals following dismissal of plaintiff's action under Rule 41(b). Accordingly, the Local was permitted to present further evidence in its defense.
 
 
 13
 At the second hearing on the unfair representation claim, the union offered the testimony of four union officials and the union secretary. Their testimony in some ways tended to corroborate the claim made in the first hearing and rejected by the district court that Panter had, in fact, filed the union's statement of Ruzicka's unadjusted grievance. In light of inconsistencies in that testimony, the court again rejected the argument, reaffirming its finding of fact as to Panter's failure to timely file the union's statement. Evidence was also introduced by the union regarding a prevailing practice of freely granting extensions of time for the exchange of grievance statements. In its initial memorandum opinion, the district court had found that extensions of exchange deadlines were freely given by both the Union and GM during Panter's tenure as committee chairman. This finding was reinforced by testimony received on remand that the prevailing practice was for both parties to grant extensions at will if one party was not prepared to exchange statements, even after the exchange date had passed. The union argued that Panter had relied on this prevailing practice in failing to file the union's statement, and that this reliance excused the failure to submit the statement on time. The union also presented testimony that it had made belated attempts, without success, to exchange the Ruzicka statement with GM.
 
 
 14
 The district court noted that if it were a matter of first impression, it very well might agree with the union that Panter's conduct was not so grossly negligent that it constituted unfair representation, but felt that the argument based on the prevailing past practice had been foreclosed by our decision in Ruzicka I. Specifically, the court felt that because some evidence regarding the past practice had been in the record before our court on the first appeal, we must have considered it and implicitly rejected it as sufficient justification for the union's tardy attempt to file the statement. Local 166 now argues that our opinion in Ruzicka I did not provide a mandatory blueprint for all aspects of the case which the trial court was required to follow. That is, since the first appeal was from a Rule 41(b) dismissal, Ruzicka I established no more than prima facie liability on unfair representation and did not preclude consideration of rebuttal evidence. The union points out that our opinion in Ruzicka I never discussed the scant evidence on the prevailing practice offered at the initial hearing.
 
 
 15
 In Ruzicka I we held that, absent justification or excuse, a union's negligent failure to take a basic and required step, unrelated to the merits of the grievance, is a clear example of arbitrary and perfunctory conduct which amounts to unfair representation. 523 F.2d at 310. In our order denying the petition for rehearing, we observed that "(o)ur opinion in this action speaks to a narrow range of cases in which unexplained union inaction, amounting to arbitrary treatment, has barred an employee from access to an established union-management apparatus for resolving grievances." 528 F.2d at 913. The key to Ruzicka I, then, was our holding that "unexplained union inaction" which substantially prejudices a member's grievance could amount to the type of arbitrary conduct which evidences unfair representation. The procedural posture of the appeal, coming to us as it did with an incomplete record, did not present an opportunity for us to make a final ruling as to the legal viability of any explanation the union might proffer. The district court was correct in ruling that since the dismissal was under Rule 41(b), our holding was only that Ruzicka's evidence was legally sufficient to constitute a prima facie case of unfair representation and the remand to the district court was for further proceedings in which the defendant could then present any evidence it might have. See 5 Moore's Federal Practice Par. 41.13(2) at 41-183 (1977). Since the district court felt any inquiry regarding the union's reliance on a past practice was foreclosed by Ruzicka I, it did not make a finding as to whether there was, in fact, actual reliance by Panter or other union officials on the prevailing practice of freely granting extensions. Our review convinces us that a remand is necessary for the district court to conduct a hearing on this narrow issue. Only after the union has presented its evidence as to reliance on a past practice can a final ruling be made on the unfair representation claim.
 
 
 16
 If the district court concludes that the bargaining representative's failure to timely file the grievance statement was due to reliance on the prevailing practice of freely granted extensions, that will be sufficient to relieve the union from liability.[2] Such conduct does not amount to the arbitrariness which Ruzicka I held will constitute a breach of the duty of fair representation.[3] Nor does it amount to the perfunctory calculation of a "non-grievance" as in Williams v. Teamsters Local Union No. 984, 625 F.2d 138 (6th Cir. 1980). Concomitantly, it does not equal the inept handling of a grievance by a union ignorant of the contract provisions relevant to the case as in Milstead v. International Brotherhood of Teamsters, 580 F.2d 232 (6th Cir. 1978). In relying on a past practice, a union's omission is based on a wholly relevant consideration, is not intended to harm its member, and is not the type of arbitrariness which reflects reckless disregard for the rights of the individual employee. Such conduct, at times, manifests no more than ordinary negligence and we cannot hold a union liable for breach of the duty of fair representation based upon simple negligence. The law in this circuit proscribes that result. In Dill v. Greyhound Corp., 435 F.2d 231, 238 (6th Cir. 1970), cert. denied, 402 U.S. 952, 91 S.Ct. 1622, 29 L.Ed.2d 122 (1971) we held that bad faith was required to support a claim of unfair representation where the union had made a decision that the individual's grievance was without merit. See also Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335, 1341 (6th Cir. 1975) cert. denied, 425 U.S. 981, 96 S.Ct. 2188, 48 L.Ed.2d 807 (1976); Balowski v. International U., United A. A. & A. Imp. Wkrs., 372 F.2d 829 (6th Cir. 1967). Admittedly, in those cases the merits of the employee's grievance had, in fact, been evaluated and decided adversely to the employee by the unions, which chose not to pursue the grievances. In the present case the union inaction served to terminate the grievance. Yet, we see no reason to apply a stricter standard to a union's untimely filing of a statement based on past practice than is applied to a union's decision not to pursue a grievance that it believes to be without merit. In both cases, the union can articulate a sufficient legal rationale to justify the manner in which a grievance has been handled. Whatever the rationale, the standard against which it is judged should be uniform. A contrary conclusion would inject the court's into the process of second-guessing a union representative's decisions and would undermine a union's ability to rely on prevailing practices. This view is supported by the decisions of the other circuits which are unanimous in holding that ordinary negligence, without more, cannot establish a breach of the duty of fair representation. Stephens v. Postmaster General, 623 F.2d 594, 596 (9th Cir. 1980); Wyatt v. Interstate & Ocean Transport Co., 623 F.2d 888, 891 (4th Cir. 1980); Smith v. Hussman Refrigerator Co., 619 F.2d 1229, 1245 (8th Cir. 1980) (en banc) cert. denied sub nom. United Steelworkers of America v. Smith, -- U.S. --, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980); Ethier v. United States Postal Service, 590 F.2d 733, 736 (8th Cir.) cert. denied, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979); Baldini v. Local Union No. 1095, 581 F.2d 145, 151 (7th Cir. 1978); Robesky v. Quantas Empire Airways Ltd., 573 F.2d 1082, 1089-90 (9th Cir. 1978); Coe v. United Rubber, Cork, Linoleum & Plastic, 571 F.2d 1349, 1350 (5th Cir. 1978); Dwyer v. Climatrol Industries, Inc., 544 F.2d 307, 311 (7th Cir. 1976) cert. denied, 430 U.S. 932, 97 S.Ct. 1553, 51 L.Ed.2d 776 (1977); Bazarte v. United Trasportation Union, 429 F.2d 868, 872 (3rd Cir. 1970); Hause v. Blue-Arrow-Douglas, Inc., 103 L.R.R.M. 2837 (W.D.Mich.1980); Walker v. United Steelworkers of America Local No. 7857, 98 L.R.R.M. 2463 (E.D.Ky.1978). Of course, when a bargaining representative acts arbitrarily in failing to process a grievance submitted to it by an employee without a sound reason for its decision, i. e. without reliance on a prevailing practice, our holding in Ruzicka I will render the union liable for unfair representation.
 
 II.
 
 17
 As a general rule, an employer may rely on the finality provision of a grievance and arbitration clause in a collective bargaining agreement. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). An exception to that rule is created when the contractual process has been "seriously flawed by the union's breach of its duty to represent employees honestly and in good faith and without invidious discrimination or arbitrary conduct." Hines, supra, 424 U.S. at 570, 96 S.Ct. at 1059. In that event, the union's breach "removes the bar of the finality provisions of the contract." Id. at 567, 96 S.Ct. at 1057. The protection afforded the employer by the finality provisions of the collective bargaining agreement is contingent upon the union's discharge of its duty to represent the employee fairly. In other words, in order to avoid the finality of the grievance process and sue GM for breach of the contract, Ruzicka must first show that the Local's unfair representation seriously undermined the integrity of the arbitral process.[4] Id. at 567, 96 S.Ct. at 1057. Mitchell v. United Parcel Service, 624 F.2d 394, 397 (2d Cir.) cert. granted, -- U.S. --, 101 S.Ct. 265, 66 L.Ed.2d 127 (1980); Clayton v. ITT Gilfillan, 623 F.2d 563, 570 (9th Cir.), cert. granted, -- U.S. --, 101 S.Ct. 352, 66 L.Ed.2d 213 (1980); King v. Space Carriers, Inc., 608 F.2d 283, 289 (8th Cir. 1979). See also Hayes v. New England Millwork, 602 F.2d 15, 18 (1st Cir. 1979).
 
 
 18
 Since the contract finality claim and attendant issues are necessarily contingent upon the district court's ruling on the unfair representation claim, we must refrain from considering them until the district court has decided the unfair representation claim.
 
 
 19
 The decision of the district court is vacated and remanded for proceedings consistent with this opinion.
 
 
 
 *
 Robert M. Duncan, United States District Judge, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Dismissal of the International Union was affirmed because there had been no showing of involvement of the International Union officers in the processing of plaintiff's grievance
 
 
 [2]
 The Supreme Court has recognized the concept of past practice as an important principle of contract application. United Steelworkers of America v. Warner & Gulf Navigation Co., 363 U.S. 574, 581-82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). See also NLRB v. Northeast Oklahoma City Mfg. Co., 631 F.2d 669, 676 (10th Cir. 1980), quoting Pekar v. Local 181 Int'l Union of United Brewery, 311 F.2d 628, 636 (6th Cir. 1962), cert. denied, 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1963); Oakland Press Co. v. NLRB, 606 F.2d 689, 691 (6th Cir. 1979)
 
 
 [3]
 An arbitrary decision is one which arises from caprice or is without reason. In rejecting bad faith as an essential element of an unfair representation case, Ruzicka I recognized that the latter definition of arbitrariness may apply to unfair representation claims
 
 
 [4]
 The union need not always be a party to such an action. See Smart v. Ellis Trucking Co., Inc., 580 F.2d 215, 218-19 (6th Cir. 1978), cert. denied, 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979). But see Clayton v. ITT Gilfillan, 623 F.2d 563 (9th Cir.), cert. granted, -- U.S. --, 101 S.Ct. 352, 66 L.Ed.2d 213 (1980)