**Roger GIORDANO, Plaintiff,**

**v.**

**LOCAL 804, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA and United Parcel Service (New York), Defendants.**

·**No. 83 Civ. 1620 (JES).**

United States District Court, S.D. New York.

May 20, 1986.

Eugene M. Kaufman, Mineola, N.Y., for plaintiff.

Cohen, Weiss & Simon, New York City, for defendants; Franklin K. Moss, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

## BACKGROUND

This action was brought by Roger Giordano pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 (1947). Plaintiff seeks reinstatement to his former position and damages against his former employer, United Parcel Service ("UPS"), for alleged unlawful discharge without cause in violation of the applicable collective bargaining agreement ("CBA"), and damages against Mr. Giordano's exclusive bargaining agent, Local 804, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America ("Local 804" or the "Union"), for an alleged breach of the Union's duty to fairly represent plaintiff in the grievance procedure undertaken pursuant to the CBA. *See* Complaint, ¶¶ 18, 22. Plaintiff seeks retroactive reinstatement by UPS to his former position as a feeder driver (truck driver), and $150,000.00 in damages and $500,000.00 in punitive damages from either UPS or the Union, or both. *See* Complaint at 5–6.

Pursuant to a Stipulation and Order dated February 6, 1985, the parties agreed to waive their rights "to a [t]rial before the Judge," and "to have the Court hear and observe the respective witnesses as they testify," instead allowing this Court to rule on the issue of whether Local 804 breached its duty of fair representation based on the papers submitted.[1] For the reasons stated below, and assuming the facts to be as stated in the papers submitted, the Court concludes that Local 804 did not breach its duty of fair representation to plaintiff.

## FACTS

Plaintiff was discharged from employment as a truck driver by UPS on July 27, 1982 for "hanging-out," "failure to follow instructions," and "gross insubordination." *See* Complaint at ¶ 6. The incident in question grew out of Mr. Giordano's "hanging-out" at a diner beyond the time allotted for lunch breaks. Following the initial confrontation by his supervisors, plaintiff apparently failed to follow instructions, and was grossly insubordinate. *See* Deposition of Giordano ("Pl. Dep.") at 66–71. Plaintiff filed a grievance with the Union, contending that this discharge was without just cause. *See* Complaint at ¶ 9. The griev-

---

1. The papers submitted to this Court were: (1) all of the pleadings; (2) the transcript of the Deposition of Roger Giordano; (3) the transcript of the Deposition of Howard Redmond; (4) the transcript of the Deposition of Robert Eising; (5) affidavits of Howard Redmond: (6) the transcript of the Hearing before this Court on June 8, 1984. *See* Stipulation and Order dated February 6, 1985. In addition, the Court has reviewed a copy of the CBA, provided by counsel after the submission of the above-mentioned papers.

At the conclusion of Roger Giordano's deposition, plaintiff's attorney stated: "We'll stipulate that our sole claim against the union is that they breached [their] duty of fair representation by not filing the arbitration in time." *See* Giordano Dep. at 115.

ance procedure established by the collective bargaining agreement was expedited to Step Two, and a meeting was held between representatives of the Union and UPS on July 27, 1982. *See* Complaint at ¶¶ 11, 13. At this juncture, UPS refused to reinstate plaintiff. *See* Declaration of Redmond ("Redmond Dec.") at ¶ 6.

The CBA provides that a filing to proceed to arbitration, accompanied by a $200.00 fee, must be made within ten days of the completion of Step Two of the grievance procedure. *See* CBA § 20. Following the Step Two meeting held on July 27, 1982, Local 804 did not file for arbitration until August 26, 1982. *See* Complaint at ¶ 13; Redmond Dec. at ¶¶ 6–8; Deposition of Redmond ("Redmond Dep.") at 15; Pl. Dep. at 85–87, 114–15.

Local 804's delegate/trustee, Mr. Redmond, gave two reasons for the Union's apparent disregard of the ten-day filing deadline. First, it was past and standard practice between the Union and UPS to conduct informal negotiations in lieu of immediately proceeding to arbitration to reconcile grievances. *See* Redmond Dep. at 12–13; Redmond Dec. at ¶ 11. Second, Mr. Redmond did not consider Step Two of the grievance procedure complete until these standard informal negotiations were exhausted. *See* Redmond Dep. at 14, 21.

Subsequently, when the grievance was presented at arbitration, UPS raised the ten-day filing deadline as a defense, and the arbitrator ruled that plaintiff's grievance was time-barred under the terms of the CBA, which includes a provision directing strict construction of its time limitations. *See* Exhibit A to Complaint ("Ex. A") (Opinion of Arbitrator); *see also* CBA

§ 20(3). Thus, the arbitrator ruled that the grievance was non-arbitrable under the terms of the collective bargaining agreement, thereby sustaining the discharge of Mr. Giordano without ruling on the merits.[2]

As part of its past practice of informal negotiation with the Union, UPS had never previously invoked the ten-day filing deadline as a defense in an arbitration proceeding. *See* Redmond Dep. at 13; Redmond Dec. at ¶ 10. Plaintiff, an alternate shop steward for the Union, was aware of the ten-day filing deadline, although he was not cognizant of the effect of its application. *See* Giordano Dep. at 6, 35–36. Plaintiff was also aware of the informal negotiations being conducted to secure his reinstatement by his Union with UPS subsequent to the Step Two meeting. *See id.* at 85–86.

### DISCUSSION

To maintain his hybrid claim against both UPS and Local 804, plaintiff must establish that the Union breached its duty of fair representation.[3] In Section 301 claims for reinstatement and damages, the Supreme Court has characterized the employee's demonstration that the union breached its duty of fair representation as "the indispensable predicate" to maintain an action for breach of the collective bargaining agreement against the employer. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981); *cf. Vaca v. Sipes, supra* note 3, 386 U.S. 171 at 185, 87 S.Ct. 903 at 914, 17 L.Ed.2d 842.

To establish that Local 804 breached its duty of fair representation, plaintiff-em-

---

**2.** Following the arbitrator's decision, Mr. Giordano filed separate unfair labor practice claims against UPS and Local 804. Both claims were dismissed by the Regional Director. *See* Exhibits A, B to Memorandum of Local 804. On appeal, the General Counsel of the National Labor Relations Board affirmed the decision of the Regional Director. *See* Exhibit C to Memorandum of Local 804.

**3.** Under Section 301 of the LMRA, an employee may bring a hybrid cause of action against his employer for an unlawful discharge without just cause, in breach of the collective bargaining agreement and against his representative union for breach of the union's duty to fairly represent the employee in the grievance process. *Vaca v. Sipes*, 386 U.S. 171, 185–87, 87 S.Ct. 903, 914–15,

17 L.Ed.2d 842 (1967); *see Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 566–67, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976). The cause of action against the employer for discharge without just cause in violation of the collective bargaining agreement can be viable despite the employer's adherence to the procedures and terms established by the agreement. Although UPS is entitled to rely on the finality of a decision reached with Local 804 acting as the exclusive representative of the plaintiff-employee, an exception exists where the contractual process has been seriously flawed by a union's breach of its duty of fair representation owed to the employee. *See Hines, supra*, 424 U.S. at 566–67, 96 S.Ct. at 1057; *Vaca, supra*, 386 U.S. at 185, 87 S.Ct. at 914.

ployee must prove that the union's conduct was arbitrary, discriminatory, or in bad faith. *See Vaca, supra,* 386 U.S. at 190, 87 S.Ct. at 916. Plaintiff-employee is not entitled to relief if he merely shows that his claim of unlawful discharge is meritorious. *See id.* at 193, 87 S.Ct. at 918.

Plaintiff does not allege that Local 804's conduct was discriminatory, or that the Union acted in bad faith. Instead, plaintiff's sole contention is that the Union's failure to timely file a request to proceed to arbitration is sufficiently arbitrary to constitute a breach of its duty of fair representation. *See* Giordano Dep. at 115, *supra* note 1.

The Supreme Court has held that such "grievance processes cannot be expected to be error-free," and that a showing of mere negligence or errors in judgment is insufficient to sustain a plaintiff's burden of showing that his union breached its duty of fair representation. *See Hines v. Anchor Motor Freight, supra* note 3, 424 U.S. 554 at 570–71, 96 S.Ct. 1048 at 1059, 47 L.Ed.2d 231; *see also Capobianco v. Brinks,* 543 F.Supp. 971, 976 (E.D.N.Y.1982) (proof of negligent conduct by union not sufficient to maintain a cause of action under Section 301). Moreover, the Second Circuit has stated that to breach its duty of fair representation, the union's conduct must be in bad faith, or arbitrary, or not based on some rational consideration. *See Jones v. Trans World Airlines, Inc.,* 495 F.2d 790, 798 (2d Cir.1974); *see also Spielmann v. Anchor Motor Freight, Inc.,* 551 F.Supp. 817, 823 (S.D.N.Y.1982).

Plaintiff asserts that Local 804's deliberate indifference to the ten-day filing deadline constitutes arbitrary and perfunctory conduct which goes beyond mere negligence. *See* Reply Brief of Plaintiff at 8. The facts indicate otherwise. The Union did not ignore the ten-day filing deadline, a circumstance that might permit the inference of arbitrary conduct. *See Ruzicka v. General Motors Corp.,* 523 F.2d 306, 310 (6th Cir.1975) (*"Ruzicka I"*);[4] *Schum v.*

*South Buffalo Railway Co.,* 496 F.2d 328, 330–32 (2d Cir.1974); *see also Foust v. Int'l Bhd. of Elec. Workers,* 572 F.2d 710, 715 (10th Cir.1978), *aff'd in relevant part,* 442 U.S. 42, 47, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979). Instead, the Union relied on the past practice of UPS not to invoke the rule to facilitate informal negotiations in lieu of arbitration. *See* Redmond Dec. at ¶ 10; Redmond Dep. at 13, 16. The Court finds that in so doing, the Union acted in good faith and in reasonable reliance on past practice, and that the exercise of that judgment did not constitute bad faith or arbitrariness on the part of the Union. *Cf. Ruzicka II, supra* note 4, 649 F.2d at 1211–12.

The circumstances in *Ruzicka II* are closely analogous to the situation in the instant case. In *Ruzicka II,* "[e]vidence was also introduced by the union regarding a prevailing practice of freely granting extensions of time for the exchange of grievance statements [necessary to invoke arbitration]." *See id.* at 1210. The Sixth Circuit stated:

> In its initial memorandum opinion, the district court had found that extensions of exchange deadlines were freely given by both the Union and GM.... This finding was reinforced by testimony received on remand that the prevailing practice was for both parties to grant extensions at will if one party was not prepared to exchange statements, even after the exchange date had passed.

*Id.*

Similarly, in this case, Redmond stated that the ten-day filing deadline for arbitration requests was never adhered to by UPS or Local 804. *See* Redmond Dep. at 13, 16. Moreover, the time limit was never invoked as a defense to arbitration by UPS. *See* Redmond Dec. at ¶ 10. Delay in filing to proceed to arbitration was the normal practice between UPS and the Union, and had been employed to foster reconciliation of disputes on an informal basis in lieu of a

---

**4.** In *Ruzicka v. General Motors Corp.,* 649 F.2d 1207 (6th Cir.1981) (*"Ruzicka II"*), the Sixth Circuit qualified its previous holding in *Ruzicka I, supra,* 523 F.2d at 310 (6th Cir.1975) (union's failure to take a basic and required step constituted a breach of the duty of fair representation). *See Ruzicka II, supra,* 649 F.2d at 1211. The court in *Ruzicka II* held that a union's failure to timely file a grievance—which pre-

cluded arbitration—does not breach the union's duty of fair representation if the union has relied on a prevailing practice with the employer. *See id.* at 1211–12. The union's reliance on a past practice whereby the employer freely granted time extensions to file for arbitration did not constitute arbitrary conduct by the union, even though the employer did not extend the time limit in that case. *Id.* at 1212.

rigid arbitration process wherein the parties often tended to become adamant in their positions. *See* Redmond Dec. at ¶ 11.

Plaintiff alleges that the Union did not file for arbitration in order to save the expense of a $200.00 filing fee. *See* Giordano Dep. at 93–94. The Union admits that the costs of the filing fee plus other collateral fees generated by arbitration hearings are general factors considered by Local 804 with respect to all decisions regarding grievance proceedings. *See* Redmond Dec. at ¶ 12. This cost factor, in conjunction with a desire to maintain congenial relationships with representatives of UPS, is admittedly a significant reason for the Union's present policy favoring informal negotiations. *See id.* However, such a motivation does not in itself render the Union's conduct arbitrary. A union may reasonably consider expenditures in its decisions to arbitrate grievances without breaching its duty of fair representation. *Cf. Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 742, 101 S.Ct. 1437, 1445, 67 L.Ed.2d 641 (1981) (dictum).

In reliance on the past practice that UPS would not invoke the ten-day filing deadline as a defense to arbitration, Local 804 had no reason to believe the delay would jeopardize plaintiff's grievance. *See* Redmond Dec. at ¶ 13. Therefore, Local 804's general consideration of cost as a factor in its decision not to timely file for arbitration does not rise to the level of arbitrary or perfunctory conduct sufficient to incur liability under § 301. *Cf. Jones, supra,* 495 F.2d at 798; *Spielmann, supra,* 551 F.Supp. at 823.

## CONCLUSIONS

For the foregoing reasons, plaintiff has failed to establish that Local 804 breached the duty of fair representation owed to him. Plaintiff's contingent claims against UPS for breach of the collective bargaining agreement and unlawful discharge must also be dismissed. *See United Parcel Service, supra,* 451 U.S. at 62, 101 S.Ct. at 1563; *Hines, supra,* 424 U.S. at 566–67, 96 S.Ct. at 1057. The complaint is dismissed with prejudice.

It is SO ORDERED.