838 F.2d 1215
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tommy M. NEWSOME, et al., Plaintiffs-Appellants,
v.
U.S. STEEL MINING COMPANY, INC.; United Mine Workers of
America, Local Union Number 7425, Defendants-Appellees.
 
 No. 87-5337.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1988.
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting summary judgment to both defendants in an action by employees of U.S. Steel Mining Company against their employer and a local United Mine Workers Union under section 301 of the Labor Management Relations Act. The plaintiffs contended that the employer breached seniority provisions of the National Bituminous Coal Wage Agreement of 1981 in connection with certain layoffs and recalls at Lynch, Kentucky and that the union breached its duty of fair representation by failing to process their grievances.
 
 
 2
 The district court found, on the basis of affidavits and other documents accompanying the separate motions for summary judgment of the employer and the union, that a separate memorandum of understanding that had been in existence for many years controlled the right of recall at the Lynch mining complex. The district court further found that the existence of this agreement and past reliance on it provided a rational basis for the union's refusal to process the plaintiffs' grievances. The district court also held that the action was barred by the plaintiffs' failure to exhaust their internal union remedies before filing suit.
 
 
 3
 On appeal the plaintiffs contend that there were genuine issues of material fact with respect to the existence and validity of the memorandum of understanding. However, the plaintiffs filed nothing in contravention of the showing that such a memorandum existed and that recalls had in the past been made according to its terms. The defendants also relied on the dismissal of an unfair labor practice claim of a Lynch employee by the National Labor Relations Board in which it affirmed the existence of the memorandum.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not err in granting summary judgment in favor of the defendants. Since there can be no action against an employer for breach of a labor contract under section 301 without proof that the union breached its duty of fair representation, Vaca v. Sipes, 386 U.S. 171 (1967), we look first to determine whether the plaintiffs presented a genuine issue of material fact with respect to the claim against the union. We conclude that the plaintiffs failed to carry this burden. Even if the memorandum was not formally a part of the agreement, the fact that it had been in existence for many years, had been followed by the parties, and had been recognized by the National Labor Relations Board precluded any finding that the union acted arbitrarily or in bad faith in refusing to process the grievances. So long as the union had a rational basis for declining to process a grievance and did not act arbitrarily or with reckless disregard of employees' rights, there can be no finding under circumstances such as this record discloses of a violation of the duty of fair representation. Vaca, 386 U.S. at 194; Ruzicka v. General Motors Corp., 649 F.2d 1207, 1211-12 (6th Cir.1981); Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335, 1341 (6th Cir.), cert. denied, 425 U.S. 981 (1976). Having made this determination, it is unnecessary for the court to reach the other reasons given by the district court for granting summary judgment.
 
 
 5
 The judgment of the district court is affirmed.