884 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas SPARKS, Plaintiff-Appellant,
v.
ABE MAY PACKING COMPANY; United Food and Commercial Workers
District Union 427, Defendant-Appellee.
 No. 88-4002.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas Sparks filed a complaint against his former employer, Abe May Packing Company (the company), and his union, United Food and Commercial Workers District Union 427 (the union). The complaint was brought under the Labor Management Relations Act (LMRA), specifically Sec. 301 of the Act, 29 U.S.C. Sec. 185. He charged the company, at least inferentially, with violation of his rights under the collective bargaining agreement (CBA) in effect at the small meat packing plant involved in this controversy. He asserted that after nine years of employment, he was injured at work and that when he returned "ready and able to resume his former job duties" some two months later, he was offered "less important positions" at a rate of pay significantly lower "than what his old job paid." He charged that the defendant union "failed to pursue the grievance" which he filed against the company for alleged violation of the CBA.
 
 
 2
 The CBA effective at the time this dispute arose contained an exclusive grievance procedure which required negotiation of grievances between the union and Abe May. If there were no resolution, the union had the discretion to submit the grievance to binding arbitration.
 
 
 3
 In 1986, the district court granted the company's motion for summary judgment. The district court granted the motion because: (1) plaintiff failed to respond to it; (2) no facts were presented to show that the union acted "arbitrarily, discriminatorily, or in bad faith;" and (3) no facts established that the company did, in fact, breach the CBA. Sparks took no appeal from the judgment for the company.
 
 
 4
 The union then filed its motion for summary judgment. The only fact in substantial dispute was whether the union representative relayed to Sparks the salary terms of the company's final offer of reinstatement which was equivalent to his former position and rate of pay. Assuming that the union did not relay this information, the court, nevertheless, granted the union's summary judgment motion holding that the facts, as alleged by appellant, were inadequate to show that the union breached its duty of fair representation under Sec. 301.
 
 
 5
 Sparks has stated a "hybrid" claim under Sec. 301 of the LMRA. In such a case, the district court must determine whether an employer violated a collective bargaining agreement in cases in which "the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." DelCostello v. Teamsters, 462 U.S. 151, 164 (1982). Under such a theory, the employee may state its claim against either the union, the employer or both. Sparks must show that the union's conduct was arbitrary, perfunctory, discriminatory or in bad faith, and/or that the union's conduct seriously undermined the arbitral process. Barr v. United States Parcel Service, 868 F.2d 36, 43 (2d Cir.1989) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567 (1967)).
 
 
 6
 The union set out in its brief for summary judgment, following the entry of judgment for the company, that Sparks' grievance was processed and an informal meeting held with the company at which an offer of "work in another capacity" was refused. It set out that a further meeting was held and "Sparks was again offered a job other than his prior job," and again Sparks refused. The union maintained that, "at this same time the offer was made to return Plaintiff to his previous position," and Sparks again assertedly declined. Roy Archer, the union representative, testified in his deposition "I told him [Sparks] that the Company had offered his original position and old pay and the job back. My advise [sic] was to return to work immediately.... He refused to go back to work." Archer amplified that Sparks apparently thought the final offer was $6 an hour, a rate much less than his former rate, and that Sparks apparently either did not believe him or would not listen to his advice about "old pay" and "the job back."
 
 
 7
 Sparks stated in a responsive affidavit that he refused to go back because "Archer informed him that Abe May Packing Company would reinstate him to his former position but at a lower rate of pay." In his deposition, Sparks said he could not remember exactly what rate of pay was finally offered but that Archer told him it was $6 an hour.[1] There was, then, clearly a factual dispute as to whether Archer advised Sparks that he was offered full reinstatement or not. In order that summary judgment be appropriate, there must be no "genuine issue as to any material fact." Federal Rule of Civil Procedure 56(c).
 
 
 8
 The district court granted the union's motion for summary judgment holding:
 
 
 9
 The Court agrees with defendant Union that plaintiff has not shown that the Union acted in a discriminatory or arbitrary manner or in bad faith. The evidence showed that the Union attempted to obtain plaintiff's reinstatement. In fact, plaintiff was offered his old job back three times. At two least of those offers were at a lower rate of pay but even if the third offer was at the old pay rate, without plaintiff's knowledge, it does not prove breach of duty of fair representation. The Union terminated the pursuit of the grievance only after plaintiff refused several settlement offers. Even Mr. Archer's statement to plaintiff that he believed the grievance was ludicrous and a waste of time does not show bad faith. A good faith decision that a grievance lacks merit does not constitute a breach of duty of fair representation because a Union must be allowed to exercise reasonable discretion in representing its members.
 
 
 10
 The district court correctly cited DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1982), Hines v. Anchor Motor Freight, Inc., 424 U.S. 554 (1976), and Vaca v. Sipes, 386 U.S. 171 (1967), for the proposition that the union may be liable for failure to its duty of fair representation when it "in the dispute process acts in a discriminatory, dishonest, arbitrary or perfunctory manner." It noted further, however, citing only a district court case, that "negligence or mistaken judgment is insufficient to amount to a breach of the union's duty."
 
 
 11
 We have held, however, in wrestling with what constitutes "arbitrary" or "perfunctory" conduct on the part of a union:
 
 
 12
 that, absent justification or excuse, a union's negligent failure to take a basic and required step, unrelated to the merits of the grievance, is a clear example of arbitrary and perfunctory conduct which amounts to unfair representation. [Ruzicka v. General Motors Corporation, 523 F.2d 306, 310 (6th Cir.1975) (Ruzicka I ) ].... In our order denying the petition for rehearing, we observed that "[o]ur opinion in this action speaks to a narrow range of cases in which unexplained union inaction, amounting to arbitrary treatment, has barred an employee from access to an established union-management apparatus for resolving grievances." 528 F.2d at 913. The key to Ruzicka I, then, was our holding that "unexplained union inaction" which substantially prejudices a member's grievance could amount to the type of arbitrary conduct which evidences unfair representation.
 
 
 13
 Ruzicka v. General Motors Corp., 649 F.2d 1207, 1211 (6th Cir.1981).
 
 
 14
 At the same time in Ruzicka II, above cited, we reiterated that "ordinary negligence, without more, cannot establish a breach of the duty of fair representation," citing many cases from other circuits. Ruzicka II, 649 F.2d at 1212. We put it somewhat differently that "arbitrary perfunctory union conduct which exhibits something more than simple negligence is a breach of duty of fair representation." Farmer v. ARA Services, Inc., 660 F.2d 1096, 1103 (6th Cir.1981) (emphasis added). Again, it was stated in NLRB v. International Brotherhood of Teamsters, 782 F.2d 46 (6th Cir.1986), that "the union must avoid arbitrary conduct." Id. at 51 (citing Ruzicka I, 523 F.2d at 310) (citing Vaca v. Sipes, 386 U.S. at 177)).
 
 
 15
 The central issue in this case, as we view it, is whether a fair representation claim can be based on the union representative's failure to relay to a member the critical term of a proposed settlement. Having found that there was no evidence of bad faith, the district court was required to determine whether the union's conduct was arbitrary. The district court made no determination that this action, if proven, constituted "arbitrary" conduct on the part of the union.[2]
 
 
 16
 An act or failure to act on the part of the union may be egregious (more than just negligent) so as to constitute arbitrary conduct for failure to transmit vital information to the grievant. The breach of duty of fair representation in this context has been held to be an unfair labor practice under the National Labor Relations Act. NLRB v. Local 282, Teamsters, 740 F.2d 141 (2d Cir.1984). "The union has a duty to inform its membership of management's position...." Warehouse Union Local 860 v. NLRB, 652 F.2d 1022, 1025 (D.C.Cir.1981).
 
 
 17
 Accordingly, we must REVERSE and REMAND this matter for further proceedings consistent with this opinion.
 
 
 
 [1]
 Sparks claimed to have been making $8.31 an hour before he ceased work by reason of injury
 
 
 [2]
 A breach of duty of fair representation claim can be made, alternatively, if the union is shown to have acted with "hostility," or "discrimination," or "in bad faith," or dishonesty. See NLRB v. Teamsters, 782 F.2d at 50, 51