928 F.2d 404
 137 L.R.R.M. (BNA) 3000
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Louis C. ADOVASIO, Plaintiff,
Michael Faiola, Thomas R. Ferguson, Raymond D. Dodson,
Ernest R. Glidewell, and Leroy Washington,
Plaintiffs-Appellants,
v.
YOUNGSTOWN STEEL DOOR CO., Defendant,
District 27, Subdistrict 6 United Steelworkers of America;
Local 2310, United Steelworkers of America; and
United Steelworkers of America,
AFL-CIO-CLC, Defendants-Appellees.
 
 No. 90-3194.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1991.
 On Appeal from the United States District Court for the Northern District of Ohio, 85-02562, Mauos, J.
 N.D.Ohio
 REVERSED AND REMANDED.
 Before MERRITT, KENNEDY, and NATHANIEL R. JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question presented is whether the District Court properly dismissed appellants' claims against their union for breach of the duty of fair representation. We conclude that the dismissal was premature and REVERSE and REMAND.
 
 I.
 
 2
 The appellants are individuals who were among almost two hundred employees who were laid off from Youngstown Steel Door (YSD) in February 1982. Appellants believed that they were laid off due to a permanent shutdown and were therefore entitled to certain benefits. In October 1982, appellants requested that the United Steelworkers of America (the Union) pursue a grievance on behalf of all the affected employees in order to obtain those benefits. The grievance was filed but, for reasons that are disputed, there was a long delay before it proceeded to arbitration. Appellants claim that the Union failed to pursue the grievance in good faith while the Union claims that it made considerable efforts to process the grievance through negotiations and that the delay was due to YSD's intransigence. Finally, on September 5, 1985, appellants brought this suit against YSD and the Union. Appellants' complaint alleges that YSD deprived them of certain benefits and that the Union breached its duty of fair representation under section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Sec. 301, in failing to force YSD to arbitrate their grievance. On September 25, 1985, the Union filed suit against YSD to compel arbitration on the appellants' grievance. That lawsuit was settled in November 1985 with YSD and the Union agreeing to arbitrate. The arbitration proceedings concluded on July 27, 1987, with the Union successfully obtaining benefits for the laid off employees. The appellants' case against YSD and the Union was held in abeyance during the arbitration proceedings.
 
 
 3
 Following the arbitration proceedings, YSD moved to vacate the arbitrators' determinations. The District Court denied YSD's motions and affirmed the arbitrators' awards. More importantly to this appeal, however, was the court's further holding that "th[e] affirmance and enforcement of the awards resolves the entire dispute among all the parties; all other claims are therefore dismissed." Joint App. at 55. The District Court then specifically dismissed with prejudice the appellants' fair representation claim against the Union. Joint App. at 55 n. 2. Appellants appeal claiming that the delay in bringing their grievance to arbitration cost them considerable legal fees since they were forced to pursue the matter themselves. They further claim that the Union sought arbitration only because the appellants filed this suit against the Union and YSD. The District Court did not address these claims on the merits, but simply stated that all of the claims had been resolved by the affirmance of the arbitration awards.
 
 II.
 
 4
 It is well settled that unions have a duty to fairly represent all members of a bargaining unit.
 
 
 5
 As the exclusive labor representative of employees in a bargaining unit, a union has a statutorily-imposed duty to fairly represent all of the employees, union members or not, in the collective bargaining process and in the administration of the resulting labor contract.
 
 
 6
 Journeymen Pipe Fitters Local 392 v. NLRB, 712 F.2d 225, 228 (6th Cir.1983) (citing Vaca v. Sipes, 386 U.S. 171, 177 (1967)). A union can breach this duty by failing to proceed with a meritorious grievance in a manner which is "arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190; see Farmer v. ARA Servs., Inc., 660 F.2d 1096, 1103 (6th Cir.1981) (citing cases concerning grievance handling as grounds for breach of duty of fair representation); Ruzicka v. General Motors Corp., 523 F.2d 306, 309-10 (6th Cir.1975) (Ruzicka I ) (discussing proper legal standard for fair representation cases involving grievance handling).
 
 
 7
 Appellants claim that they had to file this lawsuit in order to force the Union to pursue their grievance. As the bargaining representative, the Union clearly had a duty to pursue the meritorious grievance. This Court has held that "absent justification or excuse, a union's negligent failure to take a basic and required step, unrelated to the merits of the grievance, is a clear example of arbitrary and perfunctory conduct which amounts to unfair representation." Ruzicka v. General Motors Corp., 649 F.2d 1207, 1211 (6th Cir.1981) (Ruzicka II );[1] see also Vaca, 386 U.S. at 191 ("a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion"). Additionally, this Court has held that "unexplained union inaction" with respect to a grievance can sometimes amount to unfair representation. Ruzicka II, 649 F.2d at 1211.
 
 
 8
 The Union correctly points out that actions which are arbitrary, discriminatory, or in bad faith are necessary, but not sufficient, to establish a breach of the duty of fair representation. This Court has explained that "the duty of fair representation is implicated only when an individual or group is treated differently by a union--either through discriminatory, bad faith, or arbitrary conduct--than another individual, group or the collective." NLRB v. Local 299, International Bhd. of Teamsters, 782 F.2d 46, 51-52 (6th Cir.1986). Relying on Local 299, the Union argues that no differential treatment existed in this case and therefore, no breach of the duty of fair representation can be shown regardless of whether the Union's actions were discriminatory, in bad faith, or arbitrary. We disagree. In Local 299, this Court found no breach of the duty of fair representation where the actions complained of affected the entire bargaining unit rather than an individual or group. That situation was distinguished from the actions complained of in Vaca and Ruzicka I and II. With regard to the latter cases, this Court explained that "[e]ven though the complainants in those cases may not have been discriminated against in the classic sense, ... they were still alleging disparate treatment from other union members--the inability to avail themselves of the grievance procedures." Local 299, 782 F.2d at 51. It is immaterial that Vaca and Ruzicka I and II involved a union's arbitrary handling of an individual's grievance while this case involves the Union's allegedly arbitrary handling of a grievance on behalf of a group of represented employees. In either case the complainants are alleging disparate treatment in the processing of grievances, to wit, that their grievance was improperly handled while grievances of other represented persons were not. The Union mistakenly argues that there is no differential treatment here since the appellants were treated no differently from the other laid off employees. The Union's flaw lies in identifying the relevant comparison. The Union asserts that the comparison should be made among the members of a group whose grievance is the subject of the fair representation claim. We believe that the proper approach in such group grievance cases is to compare the handling of the group's grievance with the handling of other employees' grievances.
 
 
 9
 Appellees urge that we resolve the case on the record before us. Whether or not it is possible to do so, we believe that matter should be addressed in the first instance by the District Court.
 
 III.
 
 10
 The District Court's dismissal of appellants' claim of breach of the duty of fair representation against the Union is therefore REVERSED and the case REMANDED to the District Court to determine whether the Union arbitrarily, discriminatorily, or in bad faith failed to timely compel YSD to arbitrate the appellants' grievance and whether, and if so, to what extent appellants were damaged thereby.
 
 
 
 [1]
 The Ruzicka II Court went on to explain that a union cannot be held liable for breach of the duty of fair representation for "ordinary" or "simple" negligence. Id. at 1212