935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmett E. VINCENT, Plaintiff-Appellant, Cross-Appellee,
v.
LOCAL NO. 14, Defendant-Appellee, Cross-Appellant,
and
Heil-Quaker Corporation, Defendant-Appellee,
 Nos. 90-5834, 90-5872.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and HILLMAN, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Emmett E. Vincent appeals from the district court's April 9, 1990, order entering judgment in favor of Local No. 14, Stove, Furnace and Allied Appliance Workers International Union of North America, AFL-CIO (the "Union"), and Heil-Quaker Corporation (the "Company").
 
 
 2
 Plaintiff was employed by the Company from March 18, 1985, until November 27, 1985, when the Company discharged him. The Company and the Union were parties to a collective bargaining agreement ("CBA"). In conformance with the grievance provisions of the CBA and with the help of Union officials, plaintiff completed a grievance form. The grievance form was given a log number by the Company. Union officials met with the Company's Human Resources Director on December 17, 1985, and again on December 20, 1985, to discuss plaintiff's discharge. At the close of the December 20, 1985, meeting between the Union and the Company, the parties agreed to resume discussion of plaintiff's discharge on January 3, 1986, following the Christmas shutdown period. On January 3, 1986, Union officials physically tendered the grievance form to the Company. From January 1986, until June 1986, the Company and the Union discussed plaintiff's discharge several times. However, the Union and the Company failed to reach any agreement with respect to the processing of plaintiff's grievance concerning his discharge.
 
 
 3
 On June 12, 1986, plaintiff filed this action against the Union and the Company in district court pursuant to section 301 of the Labor Management Relations Act (the "Act"). 29 U.S.C. Sec. 185 [hereinafter referred to as section 301]. Plaintiff claimed that the Union breached its duty of fair representation by failing to file plaintiff's grievance in a timely manner and that the Company breached the CBA by failing to process plaintiff's grievance.
 
 
 4
 The Union cross claimed against the Company, seeking to compel arbitration of plaintiff's grievance pursuant to the CBA. The Union also filed an unfair labor practice charge against the Company with the National Labor Relations Board ("NLRB"). The NLRB ordered plaintiff's grievance to proceed to arbitration. Proceedings before the district court were stayed pending arbitration. The sole issue determined by the arbitrator was whether the Union filed plaintiff's grievance in a timely manner pursuant to the CBA. On July 27, 1987, the arbitrator ruled that the grievance was untimely because it had not been physically tendered to the Company within the contractual time period.
 
 
 5
 Following arbitration, proceedings before the district court resumed. On April 5 and 6, 1990, a bench trial was held. The district court stated that it was collaterally estopped from overruling the arbitrator's decision that the grievance was untimely under the CBA. The district court stated also that the duty of fair representation issue before it was different from the contractual issue before the arbitrator.
 
 
 6
 On April 6, 1990, the district court ruled from the bench, finding in favor of defendants on the breach of the duty of fair representation claim and concluding that the breach of contract claim would not be permitted to proceed without the requisite finding of the Union's breach of the duty of fair representation.
 
 
 7
 In order to establish that a union has breached its duty of fair representation, the employee must show that the Union's conduct was "arbitrary, discriminatory or in bad faith." Ruzicka v. General Motors Corp., 523 F.2d 306, 309 (6th Cir.1975). Arbitrary is not synonymous with negligence. Ruzicka v. General Motors Corp., 649 F.2d 1207, 1212 (6th Cir.1981); see also Allen v. Allied Plant Maintenance Co. of Tennessee, 881 F.2d 291, 297 (6th Cir.1989) (mere negligence or mistaken judgment is insufficient to establish a breach of union's duty of fair representation). In a claim such as this one brought pursuant to section 301, a finding that the employee's union breached it duty of fair representation is required before an arbitral award will be vacated and the merits of a breach of contract claim against the employer litigated. See United Parcel Service v. Mitchell, 451 U.S. 56, 62 (1981) (citing Hines v. Anchor Motor Freight, 424 U.S. 554, 570-71 (1976)). An employee may go behind a final and binding arbitration award and seek relief against his or her employer and union only when he or she demonstrates that his or her union's breach of its duty of fair representation undermined the integrity of the arbitral process. Mitchell, 451 U.S. at 62.
 
 
 8
 The district court considered whether the Union had acted in bad faith or whether its actions were arbitrary, discriminatory, grossly negligent or evidenced a reckless disregard for plaintiff's rights. The district court found that Union officials acted in good faith in attempting to process plaintiff's grievance. Moreover, the district court determined that the Union's error in failing to timely file plaintiff's grievance was the product of a good faith misconception or erroneous judgment. Specifically, the district court enunciated: (1) that the Union acted in complete good faith with no intention to harm plaintiff; (2) that the Union never intended to discriminate against plaintiff nor did the Union discriminate against him in any of their actions; (3) that the Union reasonably thought that the grievance was filed when logged; (4) that Union officials reasonably thought that the grievance was filed in the meetings with plaintiff on December 17 and 20, 1985; (5) that Union officials reasonably thought that the Christmas shutdown period would not be counted against any further pursuit of plaintiff's claim; (6) that the Company only asserted the timeliness issue as an afterthought, subsequent to the filing of the lawsuit.
 
 
 9
 The district court thus correctly concluded that conduct that is merely negligent or resulting from mistaken judgment, even though later proven erroneous by an arbitrator's decision, will not support a claim for breach of the duty of fair representation. The district court stated that more than negligence or mistaken judgment is required to find a breach of the duty of fair representation and to thus set aside the finality provisions of grievance procedures and arbitration clauses. In order for plaintiff to attack the finality of the arbitrator's decision, a plaintiff must show that his or her Union failed to represent him or her honestly and in good faith and without invidious discrimination or arbitrary conduct. Ruzicka v. General Motors Corp., 649 F.2d 1207, 1212-13 (6th Cir.1981). The district court concluded that plaintiff in the instant case failed to demonstrate a breach of the duty of fair representation by the Union as defined by this Court in Ruzicka and determined therefore that the arbitrator's decision was final.
 
 
 10
 On April 9, 1990, the district court entered an order finding in favor of defendants for the reasons stated from the bench.
 
 
 11
 Having carefully considered the record and the arguments presented in the briefs and orally, we find no error warranting reversal. We, therefore, AFFIRM the order of the Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, for the reasons stated in his Order of April 9, 1990, incorporating by reference his ruling of April 6, 1990.
 
 
 
 *
 The Honorable Douglas H. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation