Eli **WILLIAMS,** Plaintiff-Appellee,

v.

**TEAMSTERS LOCAL UNION NO. 984,**
**Defendant-Appellant.**

**No. 78–1416.**

United States Court of Appeals,
Sixth Circuit.

Argued June 12, 1980.
Decided July 25, 1980.

Howard R. Paul, Paul, Koelz & Wilson, Memphis, Tenn., for defendant-appellant.

Saul Kay, Memphis, Tenn., for plaintiff-appellee.

Before CELEBREZZE and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order which directed arbitration between the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America Local No. 984 and the Dunbar Transfer and Storage Company regarding a grievance filed by appellee.

The record shows that appellee had been employed by Dunbar since 1968 as a truck driver and has been a dues-paying member of Local 984 since 1953. In 1973 he injured his back; for more than a year he received temporary total disability payments and one lump sum payment. By December 2, 1974, as required by Dunbar rules, he was cleared by the company doctor to return to work. The record also shows that while Williams did appear for work in December 1974 and stated "I'm willing to try," he told both union and company representatives that he was in severe pain and could barely stand to ride a bus, let alone drive and unload a truck. (Indeed, the company doctor testified that while appellee was able to perform *some* work, he could not clear him to perform the frequent heavy lifting his old job had entailed.) Despite the fact that appellee himself had said he could not perform the work and desired less arduous work, the Union processed his grievances, and a "hearing" with union and company representatives was had. While the compa-

ny would not put Williams back to work it agreed to hold his discharge open until he could return to work.

On or about May 11, 1977, appellee resumed his efforts to secure his old position. He attempted to file a grievance with the Union in which he stated "I can work without limitation." The Union, through its attorney, refused to process this grievance, stating that Williams was no longer an employee and was therefore neither bound by nor privileged to the coverage of the collective bargaining agreement.

To the extent that Article 3 of the collective bargaining agreement provided that "[s]eniority shall be broken by discharge, voluntary quit, or more than one year layoff" and the company had agreed in 1974 that none of these events had occurred and that Williams' position would be held open, to calculate a "non-grievance" was to act in a perfunctory and arbitrary manner. *See Milstead v. International Bro. of Teamsters, etc.*, 580 F.2d 232, 235 (6th Cir. 1978); *cf. Ruzicka v. General Motors Corp.*, 523 F.2d 306 (6th Cir. 1975).

Accordingly, the order of the District Court to arbitrate Eli Williams' grievance is affirmed: the Union is to process his grievance forthwith.