932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael MARSHALL, et al., Plaintiffs-Appellants,
v.
ORMET CORPORATION, et al., Defendants-Appellees,
 No. 90-3508.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1991.
Rehearing granted and opinion vacated in part July 30, 1991.
 
 See 940 F.2d 661.
 Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff Michael Marshall worked for defendant Ormet Corporation for 13 years as a laborer. Marshall's complaint is based upon the events that occurred on July 20, 1987. On that day defendant Robert Emery, another Ormet employee, who was wearing a white "filter bag" with eye holes over his head approached Marshall, who is black, at work. The bag resembled a Ku Klux Klan mask. As he approached Marshall, Emery said "Boy," or "I told you boy." There were three other employees present. Although these three employees laughed, Marshall became visibly upset. Emery apologized immediately. The record reveals that Emery thought his conduct was a joke of sorts. The evidence conflicted as to whether Marshall's supervisor, defendant Duane Bohrer, witnessed the incident as it occurred. In any event, Marshall immediately reported the incident to Bohrer who was in his office nearby.
 
 
 2
 The next day, on July 21, 1987, Marshall told representatives of Local Union No. 5724, United Steelworkers of America (Union) about the incident. The Chairman of the Joint Equal Employment Opportunity Commission (JEEOC), created under the collective bargaining agreement (CBA), contacted Marshall. On July 23, 1987, Marshall attended a JEEOC meeting, but he refused to specify what action he wanted the JEEOC or Union to take on his behalf. On July 24, 1987, Marshall called his employer to be excused from work claiming that he could not handle the pressure. Marshall has not returned to work since and has been under medical care.
 
 
 3
 Both the JEEOC and Ormet investigated the incident. Ormet suspended Emery for five days as a precondition to discharge. The Union filed a grievance on Emery's behalf for unjust discipline because Emery did not intend to intimidate plaintiff. Subsequently, Emery's discipline was limited to suspension without pay. He was not discharged. Ormet placed Bohrer on six months' probation.
 
 
 4
 Toward the end of July, Marshall contacted the Union to file a grievance about the mask incident. The Union sent Marshall a grievance form with instructions to complete and return it and to contact the union if Marshall had any questions. Marshall completed the form with the help of an attorney and returned it on August 19, 1987. Ormet denied the grievance at the third and fourth steps because it did not specifically identify which CBA articles were violated or identify circumstances that could be considered a violation of any of the CBA articles. Marshall never responded to the Union's inquiries to determine whether he would attend the grievance meetings. The grievance was referred to arbitration.
 
 
 5
 Plaintiffs' complaint alleged that defendants Ormet, Emery and Bohrer committed acts violating 42 U.S.C. Sec. 1981 (count I), committed the tort of outrage (count II), intentionally inflicted emotional distress (count III), and threatened plaintiff in violation of Ohio Rev.Code Ann. (Anderson 1987) Sec. 2903.21 (count IV). In count V, plaintiffs allege that the Union breached its duty of fair representation by not pursuing Marshall's grievance in a timely or proper manner; by simultaneously representing Emery in his unjust punishment grievance which created a conflict of interest; by failing to protect members from discrimination; and by engaging in a pattern of discriminatory practices. Plaintiff Yvonne Marshall filed her claim for loss of consortium against all four defendants (count VI). Defendants filed three separate motions for summary judgment to dismiss plaintiff's lawsuit, which the district court granted. Marshall v. Ormet Corp., 736 F.Supp. 1462, 1464 (S.D.Ohio 1990). We now affirm the court's grant of summary judgment on the Sec. 1981 and breach of the duty of fair representation claims, and reverse the dismissal of Marshall's pendant state claims.
 
 
 6
 We review a district court's grant of summary judgment under a de novo standard of review. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see Rose v. Figgie Int'l., 919 F.2d 739 (6th Cir.1990), available in 1990 U.S.APP.LEXIS 21607, No. 90-1381 (Dec. 7, 1990).
 
 
 7
 The district court dismissed plaintiffs' claim that Ormet discriminatorily subjected Marshall to a racially hostile work environment. The court correctly determined that the U.S. Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989) eliminated claims filed pursuant to 42 U.S.C. Sec. 1981 (such as plaintiffs') for racial harassment relating to conditions of employment. The Civil Rights Act of 1990, S. 2104, 101st Cong., 2d Sess., 136 Cong.Rec. Sec. 16457-58 (Oct. 22, 1990), was vetoed on October 22, 1990 and did not legislatively reinstate Sec. 1981 claims for racial harassment in the work place, which Patterson v. McLean Credit Union had eliminated. We will not hold a decision on the merits of this appeal in abeyance based upon the hope that the Civil Rights Act of 1990 will be reintroduced and enacted, as plaintiffs request. Plaintiffs did not raise any other arguments concerning the Sec. 1981 claim. Therefore, the district court's dismissal of plaintiffs' Sec. 1981 claim must be affirmed.
 
 
 8
 With respect to Marshall's pendent claims, the district court determined that plaintiffs' state tort claims against Ormet, Emery and Bohrer were not preempted by Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The district court then dismissed those state tort claims because Marshall failed to establish a prima facie case. Moreover, the district court dismissed Marshall's claim for intentional infliction of emotional distress (count III) because Marshall did not make the requisite showing of intent under Ohio law to make out a prima facie case. Finally, the district court summarily dismissed plaintiffs' "tort of outrage" claim (count II) and criminal statute claim in count IV without adequate explanation.
 
 
 9
 Having disposed of the federal claim, however, the district court lacked jurisdiction to decide whether plaintiffs made a prima facie showing to pursue these pendent state claims. When the court correctly dismissed Marshall's federal cause of action for failure to state a claim, the pendent state law claims should have been dismissed without prejudice. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966); see Faughender v. City of North Olmstead, 927 F.2d 909, 917 (6th Cir. March 13, 1991); Whittington v. Milby, No. 89-6394, slip op. at 10-11 (6th Cir. March 14, 1991).
 
 
 10
 Finally, the district court concluded that Marshall did not make out a prima facie showing that the Union unfairly represented him when processing his grievance or by simultaneously representing Emery. In addition, the court concluded that Marshall's evidence did not make out a pattern of Union discrimination. Marshall argues that the district court erred in granting summary judgment in favor of the Union because the evidence does create a genuine issue of material fact as to whether the Union's processing of plaintiff's grievance was perfunctory or whether the union acted discriminatorily.
 
 
 11
 The district court did not err in awarding summary judgment in favor of the Union. Marshall simply did not establish a prima facie case of breach of the duty of fair representation. An employee can show that a Union breached the duty of fair representation by showing arbitrary, discriminatory or bad faith handling of an employee's grievance. Ruzicka v. General Motors Corp., 649 F.2d 1207 (6th Cir.1981). Marshall claims that the Union improperly processed his grievance since the company's sole reason for rejecting the grievance was because it was not fully completed. Marshall, however, declined the Union's offer of assistance in completing the grievance, choosing instead to rely upon the assistance of legal counsel. The district court properly determined that the Union's handling of his grievance was not a breach of the duty of fair representation.
 
 
 12
 Marshall also claims that the Union did not timely process his grievance because it was not denied for improper completion until 10 months later. On appeal, Marshall challenges the district court's finding that the 10-month delay was caused by his refusal to attend grievance hearings and not the Union's processing of the grievance. However, plaintiff never demonstrated that the Union failed to timely take a required step or otherwise engaged in arbitrary and perfunctory conduct that amounted to unfair representation. See Ruzicka, 649 F.2d at 1211. Mere conjecture and speculation is never enough to rebut a summary judgment motion. See Salisbury v. Thermatex Corp., 704 F.Supp. 778, 780 (N.D.Ohio 1988). The record supports the district court's finding that it was the practice of the Union and Ormet to schedule hearings on a date that permitted a grievant to attend. But Marshall did not fully cooperate and hindered the Union in its pursuit of his grievance and its efforts to schedule the hearing on a convenient day. Marshall must afford the union a fair opportunity to represent him. Bagsby v. Lewis Bros., Inc., 820 F.2d 799 (6th Cir.1987) (Ryan, J., concurring).
 
 
 13
 The district court correctly determined that plaintiff simply did not establish that the Union handled his grievance discriminatorily or in an untimely or arbitrary manner.[1] Marshall's evidence in this record does not support his claim that the Union did not protect him from discrimination in the work place or that it engaged in a pattern of discriminatory practices in the past. The district court correctly found that documents that indicate that Ormet--not the Union--was guilty of a single prior act of a racially suspect discharge of an employee will not support an inference of discrimination by the Union. Likewise, we agree that a single, racially neutral statement by a union steward concerning a "potential for a wildcat strike" (arising out of Emery's discipline) singly or in combination with a racially suspect discharge, does not suggest a past or present pattern of discriminatory practices by the Union. Nothing in plaintiff's argument or evidence suggests the Union engaged in discriminatory practices or breached its duty of fair representation. Thus, the order of the district court dismissing plaintiff's claims against the Union is affirmed.
 
 
 14
 Accordingly, the district court's dismissal of Marshall's Sec. 1981 claim and his claim for breach of the duty of fair representation is AFFIRMED. The district court's order dismissing Marshall's pendent state law claims, together with the derivative claim for loss of consortium is VACATED and the cause is REMANDED with instructions to dismiss those claims without prejudice.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Marshall acknowledges on appeal that the district court correctly determined that no conflict of interest arises by representing two union members with divergent interests