NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0556n.06

Case No. 16-2550

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 05, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TAMMY CRAMPTON and MARY BETH SAVAGE, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| THE KROGER COMPANY and UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 876, | ) ) ) ) | MEMORANDUM O P I N I O N |
| Defendants-Appellees. | ) | |

BEFORE: KEITH, McKEAGUE, and STRANCH, Circuit Judges.

**McKEAGUE, Circuit Judge.** Plaintiffs Tammy Crampton and Mary Beth Savage are two former longtime employees of the Kroger Company who were unceremoniously discharged after undisputedly and knowingly violating a workplace rule. Each worked as a grocery store clerk at the Kroger store in Milan, Michigan, and each made a store purchase while "on the clock" in early 2014. Kroger enforced its "zero tolerance" approach to violations of its "Purchase Policy" and discharged both employees. Because their employment was governed by a collective bargaining agreement, both plaintiffs asked their local union representative, United Food and Commercial Workers Union, Local 876 ("Union"), to file a grievance on their behalf, insisting the punishment did not fit the crime. The Union filed and processed their grievances,

both of which were denied at all three steps of the grievance procedure, after which the Union declined to pursue arbitration.

In this action, asserting a hybrid claim under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, plaintiffs sue Kroger for wrongful discharge and their Union for breach of its duty of fair representation. The district court awarded summary judgment to the defendants, and plaintiffs have appealed. On de novo review, we find no error, and therefore affirm.

## I

The district court correctly recognized that plaintiffs cannot prevail on their claim against Kroger or their claim against the Union unless they can prevail on both. *See Driver v. U.S. Postal Serv., Inc.*, 328 F.3d 863, 868 (6th Cir. 2003). Focusing on plaintiffs' claim against the Union, the district court acknowledged that under the scheme established by Congress in the LMRA, the Union's performance of its duty of fair representation is subject only to highly deferential review. The Union's actions will be disturbed as arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953). This standard is met only if the union's conduct was "wholly irrational," *Air Line Pilots*, 499 U.S. at 78, or marked by "extreme arbitrariness." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. NLRB*, 844 F.3d 590, 603 (6th Cir. 2016) (quoting *Garrison v. Cassens Transp. Co*, 334 F.3d 528, 539 (6th Cir. 2003)).

Notwithstanding their admissions that they knowingly violated Kroger's Purchase Policy, plaintiffs contend the Union's failure to pursue their wrongful discharge claims beyond Step 3 of

the grievance procedure was arbitrary. They contend their transgressions were so minor—even "*de minimis*"—that the ultimate punishment of termination was clearly unwarranted—especially considering the mitigating circumstance that each of them suffered from an illness at the time of her violation. They contend therefore that the Union's duty of fair representation obliged it to pursue their claims in arbitration to challenge the discipline imposed as disproportionately severe.

The Union's position was below and is now that the Purchase Policy was a reasonable rule for which discharge was an appropriate penalty for those who knowingly violated it. R. 24-5, Findlay dep. at 73, Page ID 236. In fact, it had been the Union's longstanding consistent practice to decline to pursue arbitration where an employee had been terminated for a proven violation of the Purchase Policy. *Id.* at 37–38, Page ID 227.

The district court held as a matter of law that the Union's decision not to pursue arbitration was "not unreasonable or completely irrational," and therefore not arbitrary. R. 36, Opinion at 9, Page ID 809. The court rejected the argument that evidence of Kroger's allegedly selective enforcement of the Purchase Policy created questions of fact that should forestall summary judgment. This was because the record was devoid of evidence that Kroger was aware of any proven violations that went unpunished. On appeal, plaintiffs insist that the Union's refusal to further challenge the severity of the penalty was arbitrary, even though the fact of each violation was conceded.[1]

---

[1] The Union's actions are potentially subject to review on two other grounds. *See Int'l Union*, 844 F.3d at 603 (recognizing three routes by which a union may be found to have breached its duty of fair representation: by conduct that is "arbitrary, discriminatory, or in bad faith"). Plaintiffs did not, however, challenge the Union's decision not to arbitrate on the ground that it was discriminatory. To the extent they argued below that the Union acted in bad faith, they pointed to no evidence supporting the claim and, in a ruling not challenged on appeal, the

**II**

To be sure, viewing the scenario from each plaintiff's perspective, the notion that the Union would not exhaust every available remedy on behalf of a longtime employee who had been discharged for a seemingly minor, technical rule violation appears to be profoundly unfair. But the Union, in exercising its duty of fair representation, is obliged to consider not just the wants and needs of particular employees like plaintiffs. Rather, its duty is to "all whom it represents." *Driver*, 328 F.3d at 870 (quoting *Ford Motor v. Huffman*, 345 U.S. at 338). "The complete satisfaction of all who are represented is hardly to be expected." *Bowerman v. Int'l Union, Auto., Aerospace & Agric. Implement Workers of Am., Local No. 12*, 646 F.3d 360, 369 (6th Cir. 2011) (quoting *Ford Motor v. Huffman*, 345 U.S. at 338).

Where the record shows that Kroger has enforced the Purchase Policy strictly and consistently by discharging all proven violators, and each employee has admitted that she knowingly violated the policy, we can hardly hold the Union's refusal to pursue arbitration was "wholly irrational." *See White v. Detroit Edison Co.*, 472 F.3d 420, 426–27 (6th Cir. 2006) (acknowledging that union determinations as to whether or not to proceed to arbitration are accorded a wide range of reasonableness, and finding no breach of duty in union's refusal to arbitrate). Nor can we hold that the Union's refusal to depart from its established and uniformly followed practice and to instead examine the mitigating circumstances and disproportionality of discipline in each plaintiff's case, amounts to arbitrary behavior. "It is well-settled that union officials may rely on a prevailing practice in deciding whether to arbitrate a grievance and that such reliance does not amount to the arbitrariness necessary to constitute a breach of the duty of fair representation." *Baker v. General Mills, Inc.*, 1990 WL 177205 at *4 (6th Cir. 1990)

---

district court properly dismissed it, R. 36, Opinion at 9–10, Page ID 809–10. Hence, those alternative theories play no role here.

(unpublished) (citing *Ruzicka v. General Motors Corp.*, 649 F.2d 1207, 1211–12 (6th Cir. 1981)).  Quite to the contrary, it is a union's failure to process a claim in accordance with past practice that could be viewed as evidence of arbitrary action.  *See Linton v. United Parcel Serv.*, 15 F.3d 1365, 1372–73 (6th Cir. 1994).

## III

In short, we find no error in the district court's opinion.  Though we are not unsympathetic with plaintiffs' claims, they have failed to persuade that the district court's opinion is other than a faithful and proper application of governing law.  Accordingly, concluding that a full-length opinion reiterating the same analysis would be duplicative, we adopt the district court's opinion as our own and affirm its judgment on the basis of the reasoning in its opinion, as augmented above.  Because there is no genuine issue of material fact and the Union was properly granted summary judgment on plaintiffs' claims for breach of the duty of fair representation, and because plaintiffs' wrongful discharge claims against Kroger cannot be prosecuted alone under § 301 of the LMRA, summary judgment was properly awarded to both defendants on all of plaintiffs' claims.

**AFFIRMED.**