NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0434n.06
No. 20-3025

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH CAIMONA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jul 27, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| OHIO CIVIL SERVICE EMPLOYEES | ) | |
| ASSOCIATION, AFSCME LOCAL 11, AFL-CIO, | ) | |
| | ) | ON APPEAL FROM THE |
| Defendant-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| PUBLIC EMPLOYEES REPRESENTATIVE | ) | NORTHERN DISTRICT OF |
| UNION LOCAL 5; BUFFY ANDREWS; | ) | OHIO |
| DOUGLAS SOLLITO; CHRISTOPHER MABE; | ) | |
| JEFF FREEMAN; PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GIBBONS, and BUSH, Circuit Judges.

SUHRHEINRICH, Circuit Judge. Plaintiff Joseph Caimona was terminated from his job with Defendant Ohio Civil Service Employees Association (OCSEA) when he failed to return to work after his short-term disability ended. On appeal Caimona contends that the district court erred in granting summary judgment to OCSEA as to his claims for quid pro quo sexual harassment under Title VII, 42 U.S.C. § 2000e *et seq.*, and breach of the collective bargaining agreement for discharge without cause under 29 U.S.C. § 185. We do not agree.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's grant of summary judgment de novo, viewing all the evidence in the light most favorable to the nonmoving party and drawing "all justifiable inferences" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Under this generous formulation, the central question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. This case is the latter.

As the district court explained in its 32-page opinion, *see Caimona v. OCSEA*, No. 4:18-CV-00785 (N.D. Ohio Dec. 3, 2019), Caimona's quid pro quo sexual harassment claim fails because all of the alleged harassing incidents (which are detailed in that opinion and incorporated by reference here) are based entirely on Caimona's subjective opinions and conjectures, which do not satisfy his burden as the nonmovant on summary judgment. *See Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) ("Conclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment."). Furthermore, as the district court pointed out, Caimona "specifically admitted that [his supervisor, Buffy] Andrews never made any sexual propositions to him or made any sexually suggestive comments about the two of them getting together." Additionally, "Caimona admitted at his deposition that Andrews never said anything to him directly or indirectly indicating she had any sexual interest in him, never kissed him or tried to do so, never told Caimona that she wanted to have a sexual relationship with him, never sent him any text messages, emails, photographs, letters, notes, or cards indicating she wanted to have a sexual relationship with him, never made any sexual propositions to him, never made any sexually suggestive comments to him about the two of them getting together, and never

engaged in any teasing, kidding, or practical jokes with Caimona of a sexual nature." Thus, as the district court correctly concluded, "Caimona cannot show that any of the alleged harassment by Andrews was based on Caimona's sex," an essential element of his quid pro quo sexual harassment claim. *See Highlander v. K.F.C. Nat'l Mgmt. Co.*, 805 F.2d 644, 648 (6th Cir. 1986) (noting that one of the elements of a quid pro quo sexual harassment claim is "that the harassment complained of was based on sex"). Even assuming as we must on summary judgment that Andrews "deliberately" brushed her breasts against Caimona on one occasion and made one salacious statement about her ex-boyfriend, this does not change the calculus, because Caimona admitted that Andrews never indicated, directly or indirectly, that she wanted to have a sexual relationship with Caimona. Nothing in Caimona's brief on appeal makes a dent in the district court's thorough analysis of this issue (or his Title VII hostile work environment claim, which is not challenged on appeal).

Although Caimona no longer pursues his 29 U.S.C. § 185 claim against Public Employees Representative Union, Local 5 (PERU) on appeal, he still must establish that the union breached its duty of fair representation to him in order to pursue his claim that OCSEA breached the collective bargaining agreement. *See Chapman v. United Auto Workers Local 1005*, 670 F.3d 677, 682 (6th Cir. 2012) (explaining that "[t]he employee must prove both claims to recover from either defendant"). Again, the district court's detailed account of the steps taken by PERU to grieve Caimona's termination fully support the conclusion that Caimona failed to raise a genuine issue of material fact that PERU's actions were arbitrary. *See Crampton v. Kroger Co.*, 709 F. App'x 807, 808–09 (6th Cir. 2017); *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003).[1] PERU's decision not to submit Caimona's grievance to arbitration was not "wholly irrational," *see*

---

[1] Caimona does not assert that PERU's actions were discriminatory or in bad faith.

*id.* at 539, given that Caimona refused to provide the medical documentation requested by the Arbitration Committee. If anything, the request for additional medical documentation verifies that the union was attempting to fulfill its representational duties.

After all, Caimona's short-term disability had been terminated as of May 1, 2017, and OCSEA had ordered Caimona to return to work when it found that out. The union's request for something more than a handwritten doctor's note, allegedly stating that he was unable to return to work until July 11, 2017, for unknown reasons, submitted to a third party, seems pretty reasonable. Thus, as the district court determined, "PERU . . . had rational grounds for not proceeding with Caimona's case, as OCSEA presented evidence that Caimona failed to respond to its notice that he had to return to work or risk being terminated . . . [and] [t]here is no evidence that [the grievance] process was performed in a perfunctory manner." And, as the district court further concluded, Caimona cannot proceed on his claim against OCSEA because he cannot prevail on his claim against PERU. *See Crampton*, 709 F. App'x at 808–09.

In sum, the district court's thorough opinion provided a well-reasoned basis for rejecting each of Caimona's claims and we therefore AFFIRM the grant of summary judgment to OCSEA for the reasons stated therein and augmented here.